Case 4:24-cv-03755   Document 32   Filed 01/27/26 in TXSD   Page 1 of 9

United States District Court
Southern District of Texas
**ENTERED**
January 27, 2026
Nathan Ochsner, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| CLIFTON RILEY, | § |
| *Plaintiff,* | § § § |
| VS. | § § CIVIL ACTION NO. 4:24-CV-03755 |
| NIKE RETAIL SERVICES, INC., | § § § |
| *Defendant.* | § |

## ORDER

Pending before this Court is Defendant NIKE Retail Services, Inc.'s ("Defendant" or "NIKE") Motion to Deem Requests for Admission Admitted (Doc. No. 15), Plaintiff Clifton Riley's ("Plaintiff" or "Riley"). Motion to Withdraw Deemed Admissions (Doc. No. 21, 22), Defendant's Motion for Summary Judgment (Doc. No. 27), and Defendant's Motion to Strike Plaintiff's Summary Judgment Evidence (Doc. No. 31). Plaintiff responded to Defendant's Motion for Summary Judgment, and Defendant filed a reply brief. (Doc. Nos. 29, 30). Upon close review of the filings, admissible summary judgment evidence, and the relevant legal standards, this Court hereby grants Defendant's Motion for Summary Judgment and dismisses the case with prejudice.

### I.   Factual Background

This case arises from a trip-and-fall incident in a NIKE retail store. On August 15, 2022, Riley visited the NIKE retail store located in Cypress, Texas. (Doc. No. 1-2 at 3). The store is owned and operated by the Defendant. (Doc. No. 2 at 2). While at the store, Riley was escorted to the fitting rooms through a hallway by a store employee. (Doc. No. 27-1 at 2).

Before Riley entered the fitting room, he tripped and fell over a large metal object on the floor. (*Id.*). Riley hit his head on the stall, and he injured his back, shoulder, elbow, feet, toes, and knee. (*Id.*). After the incident, the store employee offered some assistance, including offering to dial 9-1-1, providing him with a chair and water, and drafting an incident report. (*Id.*). Soon after, Riley received medical treatment for his injury, including a trip to an urgent care facility and over a year of chiropractic treatment. (Doc. No. 27-2).

Nearly two years after the incident, Plaintiff filed this lawsuit against NIKE in Harris County, Texas state court, alleging that NIKE is liable for negligence and premises liability. (Doc. No. 1-2). NIKE properly removed the case to this Court on the basis of diversity jurisdiction. (Doc. No. 1). NIKE filed this Motion for Summary Judgment (Doc. No. 27) on both claims. The Court considers the admissible summary judgment evidence below.

## II.     Legal Standard

Summary judgment is warranted "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." FED. R. CIV. P. 56(a). "The movant bears the burden of identifying those portions of the record it believes demonstrate the absence of a genuine issue of material fact." *Triple Tee Golf, Inc. v. Nike, Inc.*, 485 F.3d 253, 261 (5th Cir. 2007) (citing *Celotex Corp. v. Catrett*, 477 U.S. 317, 322–25 (1986)). Once a movant submits a properly supported motion, the burden shifts to the non-movant to show that the court should not grant the motion. *Celotex*, 477 U.S. at 321–25. The non-movant then must provide specific facts showing that there is a genuine dispute. *Id.* at 324; *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986). It is the responsibility of the parties to specifically point the Court to the pertinent evidence, and its

location, in the record that the party thinks are relevant. *Malacara v. Garber*, 353 F.3d 393, 405 (5th Cir. 2003). It is not the duty of the Court to search the record for evidence that might establish an issue of material fact. *Id.*

A dispute about a material fact is genuine if "the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). The court must draw all reasonable inferences in the light most favorable to the nonmoving party in deciding a summary judgment motion. *Id.* at 255. The key question on summary judgment is whether there is evidence raising an issue of material fact upon which a hypothetical, reasonable factfinder could find in favor of the nonmoving party. *Id.* at 248.

### III.   Analysis

Plaintiff pleaded two separate causes of action against Defendant: (1) negligence and (2) premises liability. NIKE requests this Court to grant summary judgment on both causes of action. (Doc. No. 27). The Court reviews the admissible summary judgment evidence on each of these claims, in turn, and grants summary judgment on both claims.[1]

---

[1] The Court briefly notes that NIKE has a pending request to deem any of the Plaintiff's unanswered Requests for Admission as factually "admitted" for the purpose of its Motion for Summary Judgment (Doc. No. 15). The Plaintiff promptly responded to this request and demonstrated some e-mail miscommunication. (Doc. Nos. 21, 22). NIKE later confirmed that it had received the requested responses to the Requests for Admission. (Doc. No. 23). Since the Plaintiff did provide the responses (albeit, after the deadline to do so), the Court will not consider the "unanswered" requests as factually "admitted." NIKE's request (Doc. No. 15) is denied.

The Court is also in receipt NIKE's objections to the Plaintiff's summary judgment evidence. (Doc. No. 31). This Order does not reference or incorporate any of the exhibits listed in the objections.

## A. Negligence

Plaintiff alleges that NIKE owed a duty to use ordinary care to maintain the premises in a safe condition by inspecting the property for any dangerous conditions and that NIKE breached that duty by allowing a metal object to remain in the hallway. (Doc. No. 1-2 at 4). NIKE argues that well-established Texas law does not permit the Plaintiff to bring a negligence claim and a premises liability claim when the incident arises from the condition of the property—not a contemporaneous negligent action. (Doc. No. 28). The Court grants summary judgment on the negligence claim.

Generally, there are two negligence-related theories upon which a plaintiff may recover from a premises owner: general negligence and premises liability. Although a person injured on another's property may have both a negligence claim and a premises liability claim against the property owner, the two are "independent theories of recovery, and a finding of one will not suffice to create liability for the other." *Cobarrubias v. Lowe's Home Centers, LLC*, 2023 WL 5729941, at *5 (S.D. Tex. Sept. 4, 2023) (citing *Clayton W. Williams. Jr., Inc. v. Olivo*, 952 S.W.2d 523, 527 (Tex. 1997)). "[N]egligent activity encompasses a malfeasance theory based on affirmative, contemporaneous conduct by the owner that caused the injury, while premises liability encompasses a nonfeasance theory based on the owner's failure to take measures to make the property safe." *Del Lago Partners, Inc. v. Smith*, 307 S.W.3d 762, 775–76 (Tex. 2010). As such, when an injury is the result of a condition created by the defendant's activity, rather than the activity itself, a plaintiff is limited to a premises defect theory of liability. *Brown v. Wal-Mart Stores Texas, L.L.C.*, 2023 WL 4354225, at *2 (S.D. Tex. July 5,

2023) (citing *Lucas v. Titus County Hosp. Dist./Titus County Mem'l Hosp.*, 964 S.W.2d 144, 153 (Tex. App.—Texarkana 1998, pet. denied), 988 S.W.2d 740 (Tex. 1998)).

In this case, NIKE argues that Plaintiff's claims arise from a condition in the hallway of the store—not any contemporaneous, negligent activity of the store owner or employee. (Doc. No. 28 at 10). Specifically, NIKE contends that because the Petition only alleges that "the Plaintiff tripped on a huge metal [*sic*] placed on the hallway floor," the Plaintiff has failed to establish any genuine issue of material fact that the store was negligent. (*Id.*). Nevertheless, Plaintiff argues that the improper management of the fitting room is contemporaneous conduct sufficient to support a negligence theory of liability. (Doc. No. 29 at 6). While Plaintiff identifies the overall poor management of the fitting room area, Plaintiff still does not identify any affirmative action taken by the store employee that could be considered as a contemporaneous, negligent action. Plaintiff did not provide any evidence of the existing standard of care or any evidence of specific negligent acts or omissions taken by NIKE or its employees.[2] Therefore, even if this claim was truly a negligence claim instead of a premises liability claim, the claim would fail because the Plaintiff has not raised a fact issue. That being said, even in his Interrogatory Responses, Plaintiff stated that "I was walking to the back to try on some clothing, the doors were locked to the dressing room. There are assistant [*sic*] that helps you to unlock dressing room doors, as we were walking I tripped and fell over a metal bar they had laying on the floor." (Doc. No. 27-1 at 2). Plaintiff's own narrative of incident demonstrates that the employee did not take any contemporaneous action that could have

---

[2] The Court notes that the Plaintiff only provided a handful of blurry photographs and a set of interrogatory responses as summary judgment evidence. (Doc. No. 29). None of the evidence supports the Plaintiff's contention that NIKE or its employees were negligent.

contributed to the fall. Instead, the root of the Plaintiff's theory of liability is the condition of the premises, which is the well-established definition of a premises liability claim. Therefore, Plaintiff is not entitled to bring a negligence claim as a matter of law. Defendant's Motion for Summary Judgment is granted as to Plaintiff's negligence claim.

### B. Premises Liability

Plaintiff also alleges that NIKE had a duty to ensure that the premises was free of any unreasonably dangerous conditions and that NIKE breached that duty when it allowed the large piece of metal to remain on the floor without providing any warning signs. (Doc. No. 1-2). To succeed on a premises liability claim, Plaintiff must prove four elements: (1) that Defendant had actual or constructive knowledge of the condition on the premises; (2) that the condition posed an unreasonable risk of harm; (3) that Defendant failed to exercise reasonable care to reduce or eliminate the risk; and (4) that Defendant's failure to use such care proximately caused Plaintiff's injuries. *See Wal-Mart Stores, Inc. v. Gonzalez,* 968 S.W.2d 934, 936 (Tex. 1998). Nevertheless, "[a]s in any negligence action, a defendant in a premises liability case is liable only to the extent it owes the plaintiff a legal duty." *Lopez v. Ensign U.S. S. Drilling, LLC*, 524 S.W.3d 836, 846 (Tex. App.—Houston [14th Dist.] 2017).

As a preliminary matter, this Court must determine whether NIKE owed the Plaintiff a duty of care to mitigate the potential danger presented by the metal object in the hallway. The existence of a duty is a question of law for the Court. *Id.* Under Texas law, "a property owner owes invitees a duty to use ordinary care to reduce or eliminate an unreasonable risk of harm created by a premises condition that the property owner knew or should have known about." *Id.* (citing *Del Lago Partners, Inc. v. Smith*, 307 S.W.3d 762, 767 (Tex. 2010)). As the Supreme

6

Court of Texas has described, "[t]his general rule is consistent with the reasons for imposing a duty on landowners in the first place." *Austin v. Kroger Texas, L.P.*, 465 S.W.3d 193, 203 (Tex. 2015). While "[t]he landowner is typically in a better position than the invitee to be aware of hidden hazards on the premises," the law changes when the condition is "open and obvious." *Id.* In that case, "the landowner is not in a better position to discover it," and "the law presumes that invitees will take reasonable measures to protect themselves against known risks." *Id.* As such, "a landowner generally has no duty to warn of hazards that are open and obvious or known to the invitee." *Id.* at 204.

NIKE contends that the metal object in the hallway was an "open and obvious" condition on the premises, and therefore, it had no legal duty to mitigate the alleged danger. "Whether a condition is open and obvious is a question of law and is determined under an objective test." *Oliver v. Wal-Mart Stores Tex., LLC*, 748 F. Supp. 3d 433, 436 (N.D. Tex. 2024) (citing *Los Compadres Pescadores, L.L.C. v. Valdez*, 622 S.W.3d 771, 788 (Tex. 2021)). This inquiry is "not controlled by whether the invitee had personal, subjective knowledge or awareness" of the dangerous condition. *Id.* (quoting *Martin v. Gehan Homes Ltd.*, 2008 WL 2309265, at *2 (Tex. App.—Austin 2008, no pet.)). Instead, "[a] condition is open and obvious when the evidence 'conclusively establishes' that, under a totality of the circumstances, a reasonably prudent invitee would have knowledge and a full appreciation of the nature and extent of the danger." *Id.* (citing *Los Compadres*, 622 S.W.3d at 788). Courts generally treat "unobscured, stationary impediments which can be easily distinguished from their surroundings as open and obvious as a matter of law." *Maldonado v. AEP Texas Inc.*, 681 F. Supp. 3d 704, 709–10 (S.D. Tex. 2023) (citing a string of cases that found open and obvious

7

conditions, such as *Ille v. Lowe's Home Ctrs., LLC*, No. 20-CV-143-H, 2021 WL 6063112, at *9 (N.D. Tex. Dec. 20, 2021) (unattended flatbed cart); *Rincon v. Home Depot U.S.A., Inc.*, No. 17-CV-02909-X, 2019 WL 6118406, at *3–4 (N.D. Tex. Nov. 15, 2019) (nylon strap on floor); *Dunn v. Wal-Mart Stores, Inc.*, No. 17-CV-1187-K, 2018 WL 4772408, at *3 (N.D. Tex. Oct. 2018) (wrinkled floor mat); *Culotta v. DoubleTree Hotels, LLC*, No. 01-18-00267-CV, 2019 WL 2588103, at *4 (Tex. App.—Houston [1st Dist.] June 25, 2019, pet. denied) (ankle-high water-feature ledge)).

Viewing the facts in the light most favorable to the Plaintiff, the Court finds that the metal object was an open and obvious condition of the premises, and thus, NIKE did not owe any legal duty to the Plaintiff. First, the Court notes that the photographs of the metal object clearly show that it was in plain view and easily distinguishable from its surroundings. (Doc. No. 27-2 at 13). While neither party provided any measurements of the object or other photographs to demonstrate its scale, the photograph provided (and included in the Plaintiff's Complaint) shows that the object was a different color from the floor and significantly raised from the ground. (*Id.*; Doc. No. 1-2 at 3). The Plaintiff did not provide any evidence that the metal object was blocked, hidden, or obscured in any way. The Plaintiff also did not provide any evidence that the metal object was moving or presented any unique dangers. From the photographic evidence, the Court finds that "a reasonably prudent invitee would have knowledge and a full appreciation of the nature and extent of the danger" of the metal object in the hallway, and the reasonably prudent invitee would in no better position than the landowner to discover it. *Oliver*, 748 F. Supp. 3d at 436. The Court finds that this metal object was an "unobscured, stationary impediment[] which [could] be easily distinguished from [its]

surroundings as open and obvious" contemplated by Texas law. *See Maldonado*, 681 F. Supp. 3d at 709–10 (finding that a rolled-up carpet satisfied this definition). Finding that the metal object was an open and obvious condition, the Court therefore holds that NIKE did not owe the Plaintiff a legal duty to mitigate the metal object or provide any warning.

Recognizing that "a defendant in a premises liability case is liable only to the extent it owes the plaintiff a legal duty," *Lopez*, 524 S.W.3d at 846, the Court hereby grants NIKE's Motion for Summary Judgment (Doc. No. 27) as to the premises liability claim.

## IV.   Conclusion

For the foregoing reasons, the Court hereby grants NIKE's Motion for Summary Judgment (Doc. No. 27) on each of Plaintiff's causes of action. All other pending motions are denied as moot. The Court hereby dismisses this action with prejudice. An order compliant with Federal Rule of Civil Procedure 58 will follow this entry.

It is so ordered.

Signed on this the __27th__ day of January 2026.

Andrew S. Hanen
United States District Judge